DILLON, Judge, concurring.
*71 I agree with the majority's conclusion that the Commissioner's findings are sufficient to establish that the officer had reasonable grounds (i.e. probable cause) to believe Mr. Farrell was driving while impaired.
I agree with the majority's conclusion that the State's dismissal of Mr. Farrell's DWI charge does not bar the DMV from suspending Mr. Farrell's license, notwithstanding the written notation on the DWI dismissal form which suggests that the prosecutor believed that the State's evidence would be "suppressed due to a pre-arrest request violation." The majority reasons that even if Mr. Ferrell's Fourth Amendment rights were violated, the exclusionary rule would not apply since the rule is not part of the Fourth Amendment but rather is a judicial remedy that does not apply to a DMV hearing. The dissent argues that the exclusionary rule should apply, notwithstanding our case law to the contrary, in light of the recent United States Supreme Court holding in Grady v. North Carolina, 575 U.S. ----, 135 S.Ct. 1368, 191 L.Ed.2d 459 (2015) (per curiam).
I write separately because I do not believe we need to reach the issue of whether the exclusionary rule still applies in a DMV hearing, in light of Grady. Specifically, I do not believe the DMV is estopped from making a reasonable grounds (probable cause) determination because of the decision (or reasoning) of an assistant district attorney not to pursue the DWI charge.